# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| WILLIAM DUESING, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GLEN AUSTIN, Warden, )<br>Jacksonville Correctional Center, )<br>)<br>Respondent. )<br>) | Case No. 11 C 8575<br>Hon. George W. Lindberg |

## MEMORANDUM OPINION AND ORDER

Before the Court is William Duesing's ("Duesing" or "petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. For the reasons set forth below, the petition is denied.

*I. Relevant Facts*

Duesing was charged with armed robbery and other offenses in Cook County, Illinois in case number 04 CR 20070. On July 13, 2006, Duesing and prosecutors reached a plea agreement. As part of the plea agreement, Duesing agreed to plead guilty to armed robbery and to receive a sentence that included a term of imprisonment of 18 years. Prosecutors agreed to dismiss the remaining charges against Duesing.

At the change of plea hearing in which Duesing pled guilty to armed robbery, the trial court admonished Duesing that the punishment for armed robbery included a "mandatory supervised release period of three years." Thereafter, the trial court accepted Duesing's guilty plea and sentenced him to 18 years of imprisonment, followed by three years of supervised release. After imposing the sentence, the trial court cautioned Duesing that he could not appeal

the sentence without first filing a motion to withdraw his guilty plea and that any such motion had to be filed within 30 days. Duesing filed a motion to withdraw his guilty plead 46 days later and the trial court denied the motion as untimely.

Duesing filed the instant habeas petition in December 2011 and raised the following six claims: (1) the trial court breached the plea agreement by imposing a three-year term of supervised release; (2) the trial court's failure to admonish petitioner regarding supervised release violated due process; (3) his trial counsel was ineffective; (4) his appellate counsel was ineffective; (5) there was an insufficient factual basis for his plea; and (6) the trial court abused its discretion in imposing an 18-year term of imprisonment.

## II. Legal Analysis

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas relief when a decision of the state court is 'contrary to' or 'an unreasonable application of' clearly established federal law as determined by the United States Supreme Court." *Burr v. Pollard*, 546 F.3d 828, 831 (7th Cir. 2008) (quoting 28 U.S.C. §2254(d)(1)). "A decision is 'contrary to' or 'an unreasonable application of' Supreme Court precedent when it relies on a rule that conflicts with that precedent or reaches a different result in a similar case." *Burr*, 546 F.3d at 831. "A state court unreasonably applies clearly established law if it 'identifies the correct governing legal principle…but unreasonably applies that principle to the facts of the prisoner's case.'" *Burr*, 546 F.3d at 831 (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Error alone is not sufficient. *Burr*, 546 F.3d at 831. The state must be "objectively unreasonable." *Id*.

In order to present a viable claim for federal habeas review, the petitioner must establish that he (1) exhausted all applicable state court remedies and (2) his claims are not procedurally defaulted. *See* 28 U.S.C. §2254(b). With respect to exhausting all state court remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A federal court is precluded from reaching the merits of a claim in a 28 U.S.C. §2254 petition if the claim "was presented to the state courts and the state court ruling against the petitioner rests on adequate and independent state-law procedural grounds," or "was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 & n. 1 (1991)). "Thus, when the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Id.*

Procedural default does not provide a total bar to federal relief; it is subject to equitable exceptions. *Id.* "A procedural default will bar a federal court from granting relief on a habeas claim unless the petitioner demonstrates cause for the default and prejudice resulting therefrom." *Id.* at 514-15 (citing to *Wainwright v. Sykes,* 433 U.S. 72, 87-88, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977)). In addition, if the petitioner demonstrates to the court that denial of his case based upon procedural default would constitute a miscarriage of justice, he can also overcome procedural default. *Id.* (citing to *Murray v. Carrier,* 477 U.S. 478, 495-96, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)).

Respondent concedes that none of the petitioner's claims are barred by a failure to exhaust state remedies, non-retroactivity, or applicable statute of limitations. However, respondent contends that two of petitioner's claims, Claims III and IV, are procedurally defaulted. The Court turns to those claims first.

*A. Claims III and IV - Ineffective Assistance of Trial and Appellate Counsel*

Duesing's ineffective assistance of trial counsel claim is procedurally defaulted because he did not raise that claim in the appeal of his postconviction petition that he filed with the Illinois Appellate Court. Accordingly, he violated the "one complete round" requirement established in *Boerckel,* 526 U.S. at 845. Duesing's ineffective assistance of appellate counsel claim is also procedurally defaulted because it was not raised on either direct or postconviction review. *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (claims never raised in state court are procedurally defaulted). Duesing cannot cure the procedural default of either claim because he has not shown good cause for the default, actual prejudice from the alleged error, or that failure to consider these claims will result in a fundamental miscarriage of justice. *See Coleman v. Thomson*, 501 U.S. 722, 750 (1991); *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002). Therefore, Claims III and IV are not subject to habeas review and the petition is denied as to those claims.

*B. Claim 1 - Breach of the Plea Agreement*

The habeas petition is denied as to Claim I because there is no evidence in the record to support Duesing's claim that the imposition of a mandatory term of supervised release was a breach of the plea agreement. *See United States v. Blinn*, 490 F.3d 587-89 (7th Cir. 2007).

*C. Claim II - Due Process Violation*

Turning to Claim II, the United States Supreme Court has never held that a defendant has a due process right to be advised of a mandatory term of supervised release when he enters into a plea agreement. *U.S. ex rel. Villanueva v. Anglin*, No. 11 C 4310, 2012 WL 473130, at *4 (N.D. Ill. Feb. 9, 2012)(quoting *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006). Because there is no "clearly established federal law, as determined by the Supreme Court of the United States," as to this issue, Duesing cannot establish that the state court contradicted or unreasonably applied a nonexistent federal law. *Lockhart*, 446 F.3d at 724. Accordingly, the habeas petition is denied as to Claim II.

*D. Claims V and VI - Insufficient Factual Basis and Abuse of Discretion*

Claim V, that there was an insufficient factual basis for his guilty plea, is not a cognizable federal habeas claim. *See Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir. 1993) (holding that the United States Constitution does not require a factual basis for a plea). Similarly, Claim VI, that the trial court abused its discretion in imposing an 18-year term of imprisonment, is also not a cognizable federal habeas claim. *See Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) (holding that an error in the application of state sentencing rules does not present a cognizable claim for federal habeas relief); *United States ex rel. Daniels v. Roth*, No. 97 C 3155, 1998 WL 173242 at *3 (N.D. Ill. Apr. 9, 1998) (holding that a claim of abuse of discretion in sentencing is not cognizable on federal habeas review). Accordingly, the federal habeas petition is denied as to Claims V and VI.

***IV. Certificate of Appealability***

Finally, the Court finds that a certificate of appealability should not issue in this case. A

certificate of appealability may only issue if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. Daniel*, 529 U.S. 473, 484 (2000). Duesing has not made such a showing. Further, it is not debatable that Duesing's claims are procedurally defaulted and/or lack merit. *Slack*, 529 U.S. at 484.

### *V. Conclusion*

For the reasons set forth above, Duesing's petition for habeas corpus relief is denied in its entirety.

**ORDERED:** William Duesing's petition for writ of habeas corpus relief [1] is denied. All pending motions are denied as moot and this case is terminated.

E N T E R:

George W. Lindberg
Senior U.S. District Court Judge

DATED: May 31, 2012